Wayne C. Mayer
Law Offices of Wayne C. Mayer
4619 Van Dyke Avenue
San Diego, CA 92116
(619) 281-9263
Fax (619) 281-2963

Attorney for Material Witnesses:   OMAR CUELLAR CASTILLO
                                    PEDRO GARCIA MATEO

FILED
APR - 3 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: ~~04-CR-1974-L~~ 08mj 0616-CAB LMH |
| Plaintiff, | DECLARATION OF WAYNE C. MAYER IN SUPPORT OF MOTION FOR VIDEOTAPED DEPOSITION OF MATERIAL WITNESS(ES): |
| vs. | |
| FORTINO ALVARADO ORTEGA, ALEJANDRO ROSAS CAMPIZ, | DATE: April 3, 2008 TIME: 9:30 AM |
| Defendants. | DEPT: Bencivengo |

I, Wayne C. Mayer, declare:

1. I am the attorney appointed to represent the material witnesses OMAR CUELLAR CASTILLO and PEDRO GARCIA MATEO in the Prosecution of defendants FORTINO ALVARADO ORTEGA and ALEJANDRO ROSAS CAMPIZ;

2. On or about February 28, 2008 there were a number of undocumented aliens being smuggled into the United States, three were designated as material witnesses and detained, the others either escaped or were released the night of their arrest;

3. A complaint charging the defendants with smuggling illegal aliens was filed February 29, 2008;

-1-                                                                                       03 CR 0917 BEN

4. At the preliminary hearing set for March 13, 2008 the matter was continued over material witnesses objection and re-set for March 27, 2008.

5. On March 27, 2008 Information was filed and defendants arraigned on the information in case number 08 CR 0917 BEN. Also on that date the attorney for defendant FORTINO ALVARADO ORTEGA was relieved and attorney William Barker was retained and substituted in as attorney of record. A STIPULATION OF FACT RELEASE OF MATERIAL WITNESSES had not been completed and the matter was set for status and hearing to file the Stipulation of Fact and Release of Material Witnesses in Magistrate Bencivengo's department April 1, 2008;

6. Defendant FORTINO ALVARADO ORTEGA refused to sign A Stipulation for Release of the Material Witnesses and therefore a stipulation was not filed with the court;

7. An oral motion for a hearing to conduct a video taped deposition was granted with hearing set for April 3, 2008 at 9:30 am;

8. I have made a diligent effort to locate sureties for the material witnesses in this matter, but have been unsuccessful to locate a surety for the material witnesses OMAR CUELLAR CASTILLO and PEDRO GARCIA MATEO;

9. I did locate a surety for the material witness NERI ALBERTO HERNANDEZ ACOSTA and a material witness bond was posted March 7, 2008 and he was released on bond;

10. I have had no contacts with anyone who could act as surety for the witnesses OMAR CUELLAR CASTILLO and PEDRO GARCIA MATEO. Additionally, I do not expect I will be able to locate a surety for material witnesses OMAR CUELLAR CASTILLO and PEDRO GARCIA MATEO;

11. I have interviewed the material witnesses OMAR CUELLAR CASTILLO and PEDRO GARCIA MATEO who indicated to me they had no one in the United States that could or would be willing to assist the material witnesses in posting a material witness bond;

12. During my interviews with the material witnesses OMAR CUELLAR CASTILLO and PEDRO GARCIA MATEO they each indicated they had come to the United States in search of employment in order to support their needy families that remained behind in Mexico and they need to work to support their families;

13. The facts to which the material witnesses OMAR CUELLAR CASTILLO and PEDRO GARCIA MATEO would testify are straight forward, they jumped in back of a vehicle driven by one of the defendants, they can not identify either of the defendants as participating in this criminal enterprise;

14. The material witnesses OMAR CUELLAR CASTILLO and PEDRO GARCIA MATEO can NOT identify the person who drove either of the vehicles;

15. Virtually all of the evidence as to the guilt of the defendants comes from the *agents* of the Bureau of Customs and Border Protection, U.S. Border Patrol, who apprehended defendants and the material witnesses;

16. *Agents* with the U.S. Border Patrol observed conduct consistent with alien smuggling activity and initiated a detention of defendants who were in separate vehicles, one transporting the aliens and one acting as a look out according to agents with the U.S. Border Patrol who make said allegations based upon the *agents* training and experience and observations at the time in question;

17. I have not been advised by either government or defense counsel of any reasons why the witnesses' testimony cannot be adequately secured by deposition;

18. Law Enforcement officials arresting the defendants can independently identify the defendants as the driver of the smuggling vehicle and the driver of the look out vehicle;

19. It is Law Enforcement's contacts, including prior contacts with the defendants in this case that gives rise to probable cause;

20. This case has very little to do with the material witnesses and everything to do with a pattern and practice used by smugglers as testified to by *Agents* with the United States Border Patrol;

21. I have not been advised by either government or defense counsel of any reason why a detention is necessary to prevent a failure of justice;

22. The parties have not been able to negotiate a resolution of this matter or stipulate to a date for a video deposition in order to facilitate the release of the material witnesses and their return to their country of origin.

I make this declaration under penalty of perjury and the laws of the United States of America and California.

Dated: April 2, 2008

Wayne C. Mayer
Attorney for Material Witnesses